FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DALE EDWIN SANDERS, ) | |
|     Plaintiff, ) | |
| ) | Case No. 1:14-cv-1214 |
| v. ) | |
| ) | |
| STEPHEN FARINA, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

At issue in this now-remanded matter are (i) the *pro se* defendant's objection to the United States magistrate judge's Order requiring defendant to pay plaintiff $3,325.75 in actual expenses, including attorney's fees pursuant to 28 U.S.C. § 1447(c),[1] and (ii) the *pro se* defendant's motion for a thirty day extension to file an appeal. The matter has been fully briefed, and is now ripe for disposition.

I.

Plaintiff is an attorney residing in the District of Columbia. Defendant is a resident of Virginia. Their dispute arises out of a legal services agreement entered into on January 23, 2013, in which plaintiff agreed to represent defendant in a legal action against defendant's employer for alleged violations of the District of Columbia Human Rights Act, D.C. Code § 2–1402.21.

On August 19, 2013, plaintiff filed suit against defendant in the Circuit Court for the City of Alexandria, Virginia ("Circuit Court") alleging that defendant breached the legal services agreement by failing to pay plaintiff for legal services rendered and costs advanced. On February 26, 2014, with the trial in the Circuit Court imminent, the *pro se* defendant removed this breach-

---

[1] Specifically, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."

1

of-contract action to federal court on the basis of diversity jurisdiction. Plaintiff promptly filed a motion to remand the action to the Circuit Court on the grounds that (i) defendant's status as a Virginia resident precluded removal to a federal court in Virginia; and (ii) defendant's removal action was untimely. By Order dated March 14, 2014, plaintiff's motion to remand was granted on the ground that pursuant to 28 U.S.C. § 1441(b)(2), the case was not removable because defendant was sued in Virginia, defendant's state of residence.[2] *Sanders v. Farina*, No. 1:14-cv-214 (March 3, 2014) (Order) (Doc. 12).[3]

Thereafter, on September 12, 2014, the day before trial was scheduled to commence in the Circuit Court, defendant once again removed this action to federal court. Importantly, between the issuance of the first Order of remand and the second removal action, there was no material change of circumstance. Plaintiff promptly filed a second motion to remand, and on the eve of the hearing on that motion, defendant filed for Chapter 7 bankruptcy protection. Defendant then argued that as a result of the bankruptcy filing, plaintiff's motion to remand could not be heard in federal district court. On November 18, 2014, an Order issued rejecting defendant's argument that the bankruptcy proceeding barred a ruling on plaintiff's second motion to remand and granting that motion. *Sanders v. Farina*, No. 1:14-cv-1214 (Nov. 18, 2014) (Order) (Doc. 11). After plaintiff filed a motion to dismiss the bankruptcy case in order to allow the parties to resolve their breach-of-contract dispute, and that motion was granted by Order dated December 3, 2015, plaintiff filed a motion dated December 22, 2015, for attorney's

---

[2] Specifically, § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[3] The Order also noted, as an alternative ground for remand, that defendant's removal on the basis of diversity jurisdiction was untimely. *Id.*

2

fees with respect to defendant's second improper removal to federal court on the basis of (i) § 1447(c), and alternatively, (ii) Rule 11, Fed. R. Civ. P.

In the course of oral argument on plaintiff's motion for attorney's fees before the magistrate judge, defendant argued that an award of attorney's fees stemming from the second removal action was proper because it was the second of two removal attempts, both with no basis in law. Specifically, defendant's first removal action, which was untimely, was based on a theory of removal clearly barred by § 1441(b)(2), and defendant's second removal action was based on a purported right to a jury trial. A party's claim to a right to a jury trial in a state law contract dispute is not a basis for removal to federal court, and defendant's claim to the contrary is frivolous. Moreover, as the magistrate judge made clear, prior to the second removal action, the Circuit Court judge had ruled that defendant was not entitled to a jury trial because defendant had waived that right. Mot. for Attorney's Fees Hr'g Tr., at 13-14 (Jan. 22, 2016). Nonetheless, defendant proceeded to file a second removal action in federal court. *Id.*[4] On this basis, the magistrate judge concluded that it was appropriate to award plaintiff attorney's fees related to the second improper removal action pursuant to 28 U.S.C.§ 1447(c), which leaves fee award determinations to judicial discretion.[5] *Id.* at 21. Accordingly, on January 22, 2016, the magistrate judge issued an Order granting plaintiff's motion for attorney's fees with respect to the second removal action. *Sanders v. Farina*, No. 1:14-cv-1214 (Jan. 22, 2016) (Order) (Doc. 19).

---

[4] To the extent defendant disagreed with the Circuit Court's determination that defendant had waived his right to a jury trial, defendant could have appealed that decision within the state court system. A removal action, unlike an appeal, is not a proper means of error correction.

[5] Specifically, 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."

3

Thereafter, defendant filed an objection to the Order awarding plaintiff's motion for attorney's fees, and on February 17, 2016, an Order issued overruling defendant's objection and adopting the magistrate judge's ruling awarding attorney's fees pursuant to 28 U.S.C. § 1447(c). *Sanders v. Farina*, No. 1:14-cv-1214 (Feb. 17, 2016) (Order) (Doc. 24). The Order also remanded the matter to the magistrate judge "for a prompt hearing on the appropriate amount of attorney's fees to be awarded and for entry of a final order." *Id.*

Accordingly, plaintiff filed a motion to determine the proper amount of attorney's fees to be awarded, and a hearing was scheduled for April 1, 2016. Prior to the hearing, defendant filed (i) a motion to reconsider the award of actual expenses, including attorney's fees, on the ground that under Rule 54(d)(2)(B)(i), Fed. R. Civ. P., plaintiff's motion for these expenses was untimely, and (ii) a motion for disclosure of any relevant fee agreement pursuant to Rule 54(d)(2)(B)(iv), which states that a party must "disclose, if the Court so orders, the terms of any agreement about fees for the services for which the claim is made."

Thus, on April 1, 2016, the parties appeared before the magistrate judge for oral argument regarding each of the pending motions. During the course of oral argument, the magistrate judge made clear that the central issue that remained to be resolved was whether the amount of actual expenses, including attorney's fees, that plaintiff sought to recover was reasonable and in accordance with § 1447(c). Mot. for Attorney's Fees Hr'g Tr., at 6-7 (April 1, 2016). In this regard, plaintiff contended that attorney's fees for the 21.06 hours claimed should be awarded at a rate of $350/hour, whereas defendant contended that attorney's fee for those hours should be awarded at a rate of $150/hour, based on the hourly rate plaintiff had previously charged defendant for legal services. *Id.* at 4. Ultimately, the magistrate judge concluded that it was appropriate to award attorney's fees at the $150/hour rate, in part because during oral

4

argument, plaintiff's counsel agreed to "live with it." *Id.* at 18. The magistrate judge also found it appropriate to award plaintiff $166.75 in other expenses to reimburse plaintiff for the cost of a deposition transcription. *Id.* at 18-19. Accordingly, an Order issued granting in part and denying in part plaintiff's motion for attorney's fees and costs pursuant to § 1447(c), and directing defendant to reimburse plaintiff for attorney's fees in the amount of $3,159.00 and costs in the amount of $166.75 . The Order also denied (i) defendant's motion to reconsider the award of attorney's fees pursuant to Rule 54(d)(2)(B)(i), and (ii) defendant's motion for disclosure of a fee agreement pursuant to Rule 54(d)(2)(B)(iv). Thereafter, defendant filed an objection to the magistrate judge's April 1, 2016 Order.

## II.

The focus of defendant's objection to the magistrate judge's April 1, 2016 Order is not the amount of attorney's fees awarded, but instead whether it is appropriate here to award any amount of actual expenses, including attorney's fees, pursuant to § 1447(c). In other words, defendant objects to the magistrate judge's denial of his motion for reconsideration of the initial January 22, 2016 award of actual expenses, including attorney's fees, pursuant to § 1447(c). As already noted, defendant previously objected to this ruling, and that objection was overruled by Order dated February 17, 2016. *Sanders v. Farina*, No. 1:14-cv-1214 (Feb. 17, 2016) (Order) (Doc. 24).

As elucidated in the February 17, 2016 Order, an award of actual expenses, including attorney's fees, pursuant to § 1447(c) is appropriate here because defendant's sole basis for his second removal action was the fatally flawed theory—with no basis in law—that he could remove the case on a purported right to a jury trial. As already noted, a party's claim to a right to a jury trial in a state law contract dispute is not a basis for removal to federal court, and

5

defendant's claim to the contrary is frivolous. Moreover, prior to defendant's second removal action, the Circuit Court judge had ruled that defendant was not entitled to a jury trial because defendant had waived that right on three separate occasions. *See id.* Nonetheless, defendant proceeded to file a second removal action in federal court. Thus, defendant's decision to remove the case on the basis of a purported jury trial right not only had no basis in law, it also demonstrates that defendant disregarded the Circuit Court's clear and repeated rulings that defendant had already waived his right to a jury trial. Accordingly, an award of attorney's fees related to the second improper removal action is appropriate here pursuant to § 1447(c), which leaves fee award determinations to judicial discretion.

Importantly, however, defendant's motion for reconsideration contains a new argument, which defendant failed to raise on his initial objection to the magistrate judge's award of actual expenses, including attorney's fees, pursuant § 1447(c). Specifically, defendant contends that plaintiff's § 1447(c) motion was untimely on the ground that under Rule 54(d)(2)(B)(i), "[u]nless otherwise provided by statute or order of the court," a party must file a motion for attorney's fees "no later than 14 days after the entry of judgment." *Id.* In this regard, defendant contends that the November 18, 2014 Order remanding the case for the second time constitutes a judgment, and therefore plaintiff's motion for actual expenses, including attorney's fees, was untimely because it was filed on December 22, 2015, shortly after the bankruptcy case was dismissed.

The Fourth Circuit has not addressed whether the 14-day limit prescribed by Rule 54(d)(2)(B)(i) applies to a § 1447(c) motion following an Order granting a motion to remand. Specifically, the Fourth Circuit has not held whether an Order granting a motion to remand counts as an "entry of judgment" subject to the time constraint imposed by Rule 54(d)(2)(B)(i). As defendant correctly points out, however, two other circuits have held that an Order granting a

motion to remand is an "entry of judgment" for purposes of Rule 54(d)(2)(B)(i), and therefore the general 14-day limit prescribed by that rule applies to a § 1447(c) motion. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996); *Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997). It is worth noting, however, that the Third Circuit in *Mints* concluded that it was not appropriate to entertain on appeal the defendant's argument that Rule 54(d)(2)(B)(i) barred plaintiff's § 1447(c) motion because the defendant had not raised that argument before the district court. *Mints*, 99 F.3d at 1260. In this regard, the Third Circuit noted that had the defendant "raised the Rule 54(d)(2)(B) contention in the district court, [the plaintiff] could have asked the district court to extend the time for him to file and serve his motion." *Id.* Thus, the Third Circuit concluded that "inasmuch as the time constraint provision in Rule 54(d)(2)(B) is not jurisdictional, as the district court can extend the time for motions under that rule," it did not need to address the argument on appeal. *Id.*

Here, it is unnecessary to decide whether Rule 54(d)(2)(B)(i) applies to a § 1447(c) motion because even assuming, *arguendo*, that Rule 54(d)(2)(B)(i) applies, the time constraint imposed by that rule would not bar an award of actual expenses, including attorney's fees, pursuant to § 1447(c) for several reasons. To begin with, when plaintiff filed the motion to remand defendant's second removal action, plaintiff requested "an award of attorneys' fees incurred as a result of removal, (28 U.S.C. § 1447(c))." Pl. Mot. to Remand (Sept. 24, 2014). When the November 18, 2014 Order issued granting plaintiff's motion to remand the case for a second time, that Order did not address plaintiff's request for attorney's fees pursuant to § 1447(c). *Sanders v. Farina*, No. 1:14-cv-1214 (Nov. 18, 2014) (Order) (Doc. 11). Thus, when the November 18, 2014 Order issued, plaintiff already had a pending request for attorney's fees

pursuant to § 1447(c), and that pending request was made well before the expiration of the 14-day time period prescribed by Rule 54(d)(2)(B)(i).

Moreover, by the time the November 18, 2014 Order issued, defendant's bankruptcy proceedings had already commenced in the United States Bankruptcy Court for the Eastern District of Virginia. Accordingly, the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, barred resolution of plaintiff's pending § 1447(c) motion for attorney's fees until defendant's bankruptcy proceedings concluded.[6] In this regard, plaintiff properly waited until the resolution of the bankruptcy proceeding to pursue his already pending request for attorney's fees pursuant to § 1447(c). Over a year later, on December 3, 2015, the bankruptcy proceeding was resolved and the automatic stay was lifted. Nineteen days later, on December 22, 2015, plaintiff filed a renewed § 1447(c) motion. Yet, assuming Rule 54(d)(2)(B)(i) applies, plaintiff was not required to comply with the 14-day time constraint with respect to his renewed § 1447(c) motion because plaintiff's initial and timely § 1447(c) request for an award of attorney's fees, which was filed in compliance with Rule 54(d)(2)(B)(i), was still pending.

Moreover, even if Rule 54(d)(2)(B)(i) applied to plaintiff's December 22, 2015 motion to pursue plaintiff's already pending request for attorney's fees, defendant's argument fails because

---

[6] As noted in the November 18, 2014 Order granting plaintiff's motion to remand, the automatic stay provision in § 362(a) did not bar resolution of the motion to remand because: (i) § 362(a) applies only to the commencement or continuation of an action, and a remand action does not fall into either category; and (ii) application of § 362(a) to a situation requiring a remand does not further the purposes of an automatic stay provision. *Sanders v. Farina*, No. 1:14-cv-1214 (Nov. 18, 2014) (Order) (Doc. 11). Importantly, however, § 1447(c) proceedings constitute the continuation of an action and fall squarely within the purposes of the automatic stay provision. As the Fourth Circuit has made clear, the automatic stay provision (i) provides the debtor breathing space by stopping all collection efforts, harassment, and foreclosure actions and (ii) prevents the dissipation of a debtor's assets through multiple suits outside the bankruptcy process. *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996). Application of the automatic stay provision to the resolution of a § 1447(c) motion for attorney's fees serves both of these purposes.

defendant did not raise the Rule 54(d)(2)(B)(i) argument in his response to defendant's § 1447(c) motion or in his initial objection to the magistrate judge's ruling that actual expenses, including attorney's fees, are appropriate here. Rather, defendant first raised this argument on his motion for reconsideration, which was filed after plaintiff had already filed a motion to determine the proper amount of actual expenses, including attorney's fees, to be awarded in accordance with the February 17, 2016 Order. *Sanders v. Farina*, No. 1:14-cv-1214 (Feb. 17, 2016) (Order) (Doc. 24). Thus, as the Third Circuit noted in *Mints*, had the defendant "raised the Rule 54(d)(2)(B) contention" earlier, plaintiff "could have asked the district court to extend the time for him to file and serve his motion." *Mints*, 99 F.3d at 1260. In this regard, just as the Third Circuit in *Mints* concluded that it did not need to address the Rule 54(d)(2)(B)(i) argument on appeal because "the time constraint provision in Rule 54(d)(2)(B) is not jurisdictional, as the district court can extend the time for motions under that rule," *id.*, so, too, here, defendant's eleventh hour Rule 54(d)(2)(B) argument fails because that rule gives a district court discretion, which would be exercised here, to extend the time period for filing a motion beyond the 14 days prescribed by Rule 54(d)(2)(B)(i).

Thus, in sum, assuming without deciding that Rule 54(d)(2)(B)(i) applies to a §1447(c) motion for attorney's fees, (i) plaintiff complied with the time constraint imposed by Rule 54(d)(2)(B)(i), and (ii) even assuming plaintiff did not so comply, an extension of time would be granted. Accordingly, plaintiff's objection to the magistrate judge's ruling must be overruled.

### III.

Defendant also moves for an extension of time to file an appeal with respect to the § 1447(c) award of actual expenses, including attorney's fees. Specifically, defendant requests 30 additional days to appeal the magistrate judge's ruling because (i) the transcript for the April 1,

2016 hearing was not immediately available, (ii) defendant is a *pro se* litigant, and (iii) defendant has travel plans that interfere with his ability to file a timely appeal. Importantly, however, if defendant chooses to appeal the § 1447(c) award of attorney's fees, he will appeal the Order accompanying this Memorandum Opinion—not the April 1, 2016 Order issued by the magistrate judge—because the Order accompanying this Memorandum Opinion is the final Order in this matter. As a result, it is unnecessary to grant defendant additional time to file the appeal, as the *pro se* defendant may appeal the Order accompanying this Memorandum Opinion by timely filing a notice of appeal within 30 days of the entry of this Order pursuant to Rules 3 and 4, Fed. R. App. P.

### IV.

Accordingly, upon consideration of the April 1, 2016 Order by the magistrate judge, defendant's objection thereto, an independent *de novo* review of the record, and for the reasons stated here, the *pro se* defendant's objection to the magistrate judge's ruling must be overruled and the *pro se* defendant's motion for a 30-day extension to file an appeal must be denied.

An appropriate Order will issue.

Alexandria, Virginia
April 21, 2016

/s/
T. S. Ellis, III
United States District Judge